J-S24011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HASAN WEDDINGTON | : | |
| | : | |
| Appellant | : | No. 2601 EDA 2017 |

Appeal from the PCRA Order May 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006026-2007

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED MAY 29, 2019**

Hasan Weddington appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On May 7, 2007, while on patrol, Officers John Gallagher and Anthony Comitalo noticed a strong odor of marijuana as they drove by Weddington, who was seated alone in a parked vehicle. The officers made a U-turn, saw Weddington step out of the vehicle, and told Weddington they wanted to talk. In response, Weddington fled on foot. Officer Comitalo caught up to Weddington in an electronics store, handcuffed him, patted him down, and recovered a bag of marijuana from his pocket. Weddington then identified himself as "James Ried" and gave a false address.

_____

* Former Justice specially assigned to the Superior Court.

After securing Weddington, the police returned to his vehicle where, on the driver's seat, sat four orange baggies, and a clear plastic bag containing smaller green baggies, a razor, and a straw. Officer Comitalo also saw the handle of a firearm protruding from under the passenger seat. The officers recovered the drug paraphernalia and the weapon—a loaded and operable Kel-Tec 9mm handgun. The police determined the vehicle was a rental car owned by Hertz and Weddington was an unlicensed driver. Officer Comitalo opened the glove compartment in search of the rental agreement. In addition to the rental agreement, Officer Comitalo found a clear Ziploc bag with eighteen packets containing heroin and two Ziploc baggies containing crack cocaine. The police then arrested Weddington and charged him with firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, persons not to possess or control a firearm, possession of an instrument of crime, possession of a controlled substance, and false identification to law enforcement authorities.

Weddington was initially tried on March 6, 2008. The jury hung on every charge save one, finding Weddington guilty of false identification to law enforcement. At Weddington's retrial on November 10, 2008, the jury found Weddington guilty of one count of carrying a firearm without a license and two counts of possession of a controlled substance. The court conducted a separate waiver trial, after which the Honorable Steven R. Geroff found Weddington guilty of persons not to possess or control a firearm. The court imposed concurrent terms of three and one-half to seven years' incarceration

for firearms not to be carried without a license, and six to twelve months' incarceration for possession of a controlled substance, followed by a consecutive term of five to ten years' incarceration on persons not to possess or control a firearm.

After having his appellate rights reinstated,[1] Weddington filed a direct appeal challenging the denial of his suppression motion and the sufficiency of the evidence proving his possession of the drugs and gun at issue. This Court affirmed Weddington's judgments of sentence on March 16, 2012, and our Supreme Court subsequently denied allowance of appeal on June 10, 2013. ***Commonwealth v. Weddington***, 47 A.3d 1246 (Pa. Super. 2012) (Table), *appeal denied*, 47 A.3d 1246 (Pa. 2013) (Table). On August 26, 2014, Weddington timely filed a *pro se* PCRA petition, which the PCRA court dismissed without a hearing for lack of merit on May 23, 2017.[2] Weddington timely filed a notice of appeal and complied with Pa.R.A.P. 1925(b).

---

[1] On January 19, 2011, the PCRA court reinstated Weddington's appellate rights *nunc pro tunc* after appellate counsel failed to file a brief on direct appeal.

[2] Weddington's PCRA petition and ensuing appeal presents a fraught procedural history. After Weddington timely filed his initial petition, the PCRA court appointed counsel who then failed to submit any subsequent filings. Consequently, on February 5, 2016, Weddington petitioned the PCRA court for a change of appointed counsel. The PCRA court appointed Sandjai Weaver, Esquire, who filed an amended PCRA petition on February 4, 2017. The PCRA court dismissed Weddington's amended petition on May 23, 2017 for a lack of merit. On July 5, 2017, after failing to file a timely notice of appeal, Attorney Weaver requested reinstatement of Weddington's appellate rights *nunc pro tunc*, which the PCRA court granted on July 17, 2017. After Weddington filed

Weddington raises the following issues for our review:

1) Whether the lower court erred in dismissing [Weddington's] petition under the [PCRA] without an evidentiary hearing to determine whether trial counsel's failure to fully develop [Weddington's] motion to suppress was reasonable, and if not, did this failure unfairly prejudice [Weddington] to the effect [sic] that no reasonable adjudication of guilt could take place.

2) Whether the lower court erred in dismissing [Weddington's] claim of ineffectiveness for failing to develop sufficient evidence on the motion to suppress for consideration by the trial court or appellate review.

Brief of Appellant, at 4 (capitalization adjusted).

The argument section of Weddington's brief consists, in its entirety, of fifteen lines of text—a mere four lines longer than the summary of the argument—without offering a single reference to the record of counsel's alleged ineffectiveness during the suppression hearing and only fleeting mention of relevant case law. *Id.* at 7. Consequently, we find Weddington's claims waived for failure to develop an argument. *See Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018) ("We shall not develop an argument of an appellant, nor shall we scour the record to find evidence to support an argument; instead we will deem [the] issue to be waived.") (citation omitted); *see also* Pa.R.A.P. 2119(a), (c) (requiring argument

_____

a notice of appeal, the PCRA court ordered Weddington file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). After Attorney Weaver failed to file Weddington's Rule 1925(b) statement, she sought, and was granted, an extension by the PCRA court. On December 11, 2017, Attorney Weaver filed Weddington's Rule 1925(b) statement. Between filing his Rule 1925(b) statement and filing his brief, Weddington again changed counsel. The brief in the instant appeal was filed by Benjamin B. Cooper, Esquire.

section include, *inter alia*, separate sections developing discrete arguments, and citations to record when reference is made to "pleadings, evidence, charge, opinion or order, or any other matter appearing in the record[.]").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/19